## SUPERIOR CABINET CORPORATION v. AMERICAN PIANO CO.

### No. 3188.

District Court, D. Massachusetts.
March 28, 1930.

Pillsbury, Dana & Young, R. L. Dana, and Hugh D. McLellan, all of Boston, Mass., for plaintiff.

Frank W. Knowlton and Choate, Hall & Stewart, all of Boston, Mass., for defendant.

Fox & Orlov, by Phillip Cowin, all of Boston, Mass., for Boston Symphony Orchestra, Inc., creditor.

Tyler, Eames, Wright & Hooper and John P. Wright, all of Boston, Mass., for trustees of estate of Thos. E. Proctor, a creditor.

MORTON, District Judge.

The receiver petitions for leave to transfer all the assets of the defendant in his hands to the primary receiver in New York, reserving only a sufficient amount to satisfy the fees and expenses of the receivership here. I am informed by the Massachusetts receiver that similar orders have been entered in all other jurisdictions where ancillary receiverships were obtained.

On this petition notice was sent to all known creditors in this district. Only two have appeared in objection, namely, the city of Boston as trustee of the George D. White fund, and the trustees under the will of Thomas E. Proctor, late of Boston, deceased. In each case the objecting creditor leased real estate to the piano company, under leases having in one case about two years to run at $25,000 a year, and in the other case about thirteen years to run at $20,000 a year. These creditors contend that it may be necessary for them to institute proceedings to establish and liquidate their claims, and if so that they can do it much more conveniently in Boston than New York.

Whether the order prayed for should be made is purely a matter of discretion. 1 Clark on Receivers (2d Ed.) § 321. The underlying law will be the same in both districts. If Massachusetts law as to real estate should be involved, the District Court in New York will, of course, follow the Massachusetts decisions.

The business of the American Piano Company extended into several states, and it had property in several states. As to creditors generally, it is too clear for discussion that it will be more convenient for them to prove in one jurisdiction than to have to file proofs in several jurisdictions; and nothing is to be gained by going through the work and formalities of distribution in more than one court. Evidently this is the view of the Massachusetts creditors, because, as above stated, none of them appeared to object except the two landlords. While I have no doubt that it would be less convenient and more expensive for the objecting creditors to go to New York to establish their claims than to do so here, I think that their convenience must yield to the general convenience of all the creditors. The claim will have to be proved in New York in any event, because substantial assets are there.

Petition granted.